IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA EDMONDS, ) | |
| ) | Civil Action No. 16-1193 |
| Plaintiff, ) | Chief Judge Joy Flowers Conti |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| DANIELLE RHOADES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 6, be dismissed for failure to prosecute.

**II.  REPORT**

Plaintiff Melissa Edmonds ("Plaintiff"), who was an inmate at the Allegheny County Jail ("ACJ") during the event at issue, has presented a civil rights complaint against Defendant Danielle Rhoades ("Defendant"), a corrections officer at the ACJ, alleging that Defendant violated her rights under the Eighth Amendment to the United States Constitution when Defendant deliberately slammed the wicket to Plaintiff's cell on Plaintiff's fingers causing her injury.

On October 25, 2016, Defendant filed a Motion to Dismiss or for a More Definite Statement, ECF No. 13, and on October 26, 2016, this Court issued an Order directing Plaintiff to respond to Defendant's Motion on or before November 16, 2016. ECF No. 14. Plaintiff failed to respond as ordered and on November 28, 2016, this Court issued an Order to Show Cause directing Plaintiff to show cause on or before December 19, 2016, why this case should not be dismissed for failure to prosecute. ECF No. 17. To date, Plaintiff has failed to respond to

either Defendant's Motion to Dismiss or the Court's Order to Show Cause and has not given any other indication that she wishes to proceed with this litigation.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weigh heavily against her. Plaintiff has failed to respond to two Court's orders which was not only solely her personal responsibility but appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to Defendant other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's

claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff sought and was granted *in forma pauperis* status, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from going forward, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72.D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

              RESPECTFULLY SUBMITTED,

              /s/Maureen P. Kelly
              MAUREEN P. KELLY
              Chief United States Magistrate Judge

Dated: January 4, 2017

cc: The Honorable Joy Flowers Conti
   Chief United States District Judge

Melissa Edmonds
7518 Roslyn Street
Pittsburgh, PA 15218

All Counsel of record via CM/ECF